**Max R. VERDUZCO, Plaintiff,**

v.

**GENERAL DYNAMICS, CONVAIR DIVISION, a Delaware corporation, Defendants.**

**Civ. No. 88–1813–G(M).**

United States District Court, S.D. California.

April 4, 1990.

Michael H. Crosby, Monaghan & Metz, Nancy Sussman, San Diego, Cal., for plaintiff.

Michael S. Tracy, Gray, Cary, Ames & Frye, San Diego, Cal., for defendants.

### MEMORANDUM DECISION AND ORDER

GILLIAM, District Judge.

The defendant's motion to dismiss or, in the alternative, for summary judgment, to

strike portions of the complaint, and for a more definite statement was heard on January 8, 1990, before the Honorable Earl B. Gilliam. Michael Crosby represented the plaintiff, Max R. Verduzco. Michael Tracy represented the defendant, General Dynamics, Convair Division. At the conclusion of the hearing, the court took under submission the motion to dismiss the third cause of action, which alleges retaliatory discharge in violation of public policy. Having considered the memoranda of points and authorities, the court issues this ruling denying the defendant's motion to dismiss for failure to state a claim.

## FACTS

Max R. Verduzco worked for General Dynamics for thirty-seven years. In 1984, General Dynamics told Verduzco that he had been targeted for termination because his work was unacceptable within the context of an overall work force reduction. Verduzco chose early retirement over the other options that General Dynamics offered to him.

On March 5, 1985, Verduzco filed a wrongful termination suit against General Dynamics in state court. On November 23, 1988, General Dynamics removed the case to this court. On September 11, 1989, the court permitted Verduzco to amend his complaint.

Verduzco's first amended complaint alleges a claim for retaliatory discharge in violation of public policy. He claims that the public policy of the United States government and its Defense Department is that "private contractors obligated to fulfill government contracts must do so with reasonable care, under strict security procedures and using quality material assembled in a workmanlike manner." First Amended Complaint, at 6. As a basis for that claim, Verduzco alleges that General Dynamics Convair Division is in the business of building weapons systems for the United States Department of Defense. Verduzco alleges that he was a production control supervisor in charge of subassemblies for the Cruise Missile, a defense department project.

Verduzco alleges that he confronted General Dynamics Convair Division's head of security, Mr. Mendoza,

> with serious charges that security was so lax that workers at the plant could walk off with blueprints and other material, dissemination of which, he reasonably believed, would compromise the nation's security interests.

First Amended Complaint, at 5. Verduzco alleges that he complained, to whom he does not say, that workers with inadequate security clearances commonly reviewed documents that required a higher security clearance. Verduzco also alleges that he complained when the materials needed for assembly were shoddy or unavailable. Verduzco claims that he was repeatedly assured that General Dynamics would take care of the problems.

## DISCUSSION

In a motion to dismiss, the court must consider only the face of the complaint, assuming the facts plead to be true and viewing them in the light most favorable to the nonmoving party. *Powe v. Chicago*, 664 F.2d 639, 642 (7th Cir.1981); *California v. United States*, 512 F.Supp. 36, 39 (N.D.Cal.1981). In a motion to dismiss for failure to state a claim, the court must decide whether the facts alleged, if true, would give rise to an enforceable legal right. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978).

Verduzco is asking this court to recognize a public policy that is not based on or derived from a statute. In addition, because Verduzco never reported the alleged security violations to anyone outside General Dynamics Convair Division, he is asking the court not to require him to have done so in order to state a claim for retaliatory discharge in violation of public policy.

In *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373 (1988), the California Supreme Court expressly reserved ruling on whether the "public policy" alleged in a claim for retaliatory discharge in violation of public policy must be based on a violation of a statute or derived from a statute. *Foley*, 47 Cal.3d at

669, 254 Cal.Rptr. 211, 765 P.2d 373. Lower courts have gone both ways on this issue. Some courts have held that the state legislature is the only source of this type of public policy determination. *Shapiro v. Wells Fargo Realty Advisors,* 152 Cal.App.3d 467, 477, 199 Cal.Rptr. 613 (1984); *see also Tyco Industries, Inc. v. Superior Court,* 164 Cal.App.3d 148, 159, 211 Cal.Rptr. 540 (1985). Other courts have stated that courts, as well as the legislature, may enunciate fundamental public policy. *Dabbs v. Cardiopulmonary Management Services,* 188 Cal.App.3d 1437, 1443, 234 Cal.Rptr. 129 (1987); *Koehrer v. Superior Court,* 181 Cal. App.3d 1155, 1165, 226 Cal.Rptr. 820 (1986).

General Dynamics attempts to reconcile the opposing views by arguing that *American Computer Corp. v. Superior Court,* 213 Cal.App.3d 664, 261 Cal.Rptr. 796 (1989) (a case similar to and following *Foley,* involving an employee reporting alleged embezzlement to his employer), suggests the use of a balancing test to determine whether the plaintiff truly acted in the public interest—in effect, whether a public interest is implicated. General Dynamics contends that when the nexus between the plaintiff's conduct and the public interest is tenuous, as when no statute has been violated, the court should dismiss the claim unless the plaintiff complained to a public agency.

This analysis works in cases such as *Foley* and *American Computer* in which the public interest is not implicated at all unless the plaintiff reports the alleged wrongdoing to an outside agency. In both of those cases, reporting the embezzlement to an outside agency would have transformed the interest from purely private to public only because of a general public interest in promoting the reporting of crimes to the police.

General Dynamics' reasoning, however, does not work in situations in which a fundamental public interest is implicated whether or not the plaintiff reports any alleged wrongdoing to an outside agency, and whether or not a statute has been violated. In *Dabbs v. Cardiopulmonary Management Services,* 188 Cal.App.3d 1437, 234 Cal.Rptr. 129 (1987), the California Court of Appeal held that the plaintiff had stated a claim for retaliatory discharge in violation of public policy based on general societal concerns for the health, safety, and welfare of hospital patients. The plaintiff, a certified respiratory therapist, boycotted work in protest of what she considered to be unsafe working conditions. Her employer had begun scheduling only one certified respiratory therapist for duty on a shift during which he customarily scheduled three such therapists. *Id.* at 1439, 234 Cal.Rptr. 129. The plaintiff was fired. *Id.* The court did not require the plaintiff to have reported the "wrongdoing" to an outside agency. Instead, the court found that the alleged public interest alone justified the claim. Although the *Dabbs* court emphasized that the legislature is not the only source of public policy determinations, the court ultimately based its decision on statutory support for the fundamental public policy at issue. *Dabbs,* 188 Cal.App.3d at 1443, 234 Cal.Rptr. 129.

In *Hentzel v. Singer Co.,* 138 Cal.App.3d 290, 296, 188 Cal.Rptr. 159 (1982), the California Court of Appeal held that a general public interest in "protecting the right of employees to voice their dissatisfaction with working conditions" could form the basis of the plaintiff's claim for retaliatory discharge in violation of public policy. The plaintiff alleged that he was fired for protesting hazardous working conditions caused by smoking in the workplace. *Id.* at 293, 188 Cal.Rptr. 159. The court did not require the plaintiff to have protested the working conditions to any outside agency in order to state a claim for relief.

In *Garcia v. Rockwell International Corp.,* 187 Cal.App.3d 1556, 232 Cal.Rptr. 490 (1986), the plaintiff accused his employer, a government contractor, of mischarging its employees' time to various government projects. The California Court of Appeals held that such charging was in violation of the law, although the court did not state which law was at issue. *Id.* at 1561, 232 Cal.Rptr. 490. The plaintiff in *Garcia* reported the violations to an outside agency. *Id.* at 1558, 232 Cal.Rptr. 490. The

*Garcia* court found a public policy interest in forbidding retaliatory action against an employee who discloses information regarding his employer's violation of the law to a government agency. *Id.* at 1561, 232 Cal.Rptr. 490. At the time that the alleged retaliatory action took place, the California Legislature had not yet enacted the statute enunciating this public policy. *Id.* The court held that the new statute "merely enunciated already existing public policy." *Id.* at 1561 n. 1, 232 Cal.Rptr. 490. In effect, the *Garcia* court held that courts may determine public policy.

■ The allegations of public interest in this case are not dependent on reporting them to an outside agency; they stand on their own. Verduzco invokes a fundamental public interest in preventing unauthorized persons from obtaining access to important technical data relating to military projects. He states that the public has a fundamental interest in the nation's security. Verduzco points to a federal statute, 10 U.S.C. § 130, which authorizes the Secretary of Defense to withhold from the public technical data with military application as evidence of a public interest in preventing unauthorized access to classified information. Although an alleged violation of this statute cannot form the basis for Verduzco's claim because the statute refers only to the Secretary's power to limit access to the information, the statute does evince a federal interest in protecting military secrets.

Thus, Verduzco has stated a claim for relief in his third cause of action. The court hereby denies General Dynamics' motion to dismiss Verduzco's third cause of action for retaliatory discharge in violation of public policy.

IT IS SO ORDERED.